IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| CATO INSTITUTE,<br><br>              Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, *et al.*,<br><br>              Defendants. | Case No. 5:22-cv-04055-TC-RES |

## JOINT NOTICE OF RELATED LITIGATION

This case involves a challenge to the Secretary of Education's recent decision, under the Higher Education Relief Opportunities for Students Act of 2003 (HEROES Act), to discharge certain federal student-loan debts. *See* ECF No. 1. Other challenges raising legal objections have been filed in several other federal district courts.

On October 21, 2022, Plaintiff filed a motion for temporary restraining order and preliminary injunction. *See* ECF No. 13. The parties subsequently conferred regarding an appropriate briefing schedule, which they proposed to the Court on October 25. The Court then held a telephone conference with the parties on October 26.

During the conference, the Court indicated that it was aware that similar issues are being litigated across the country. *See* Transcript, ECF No. 20, at 4–6. The Court then requested that the parties provide an "inventory" of those cases, the claims involved, the current procedural posture of each case, and the basis for any judicial decisions to date. *Id.* at 4–5. Consistent with the Court's request, the parties hereby provide notice of other cases involving challenges to the Secretary of Education's invocation of the HEROES Act to provide a measure of student loan debt cancellation:

- *Laschober v. Cardona*, No. 3:22-cv-1373-IM (D. Or.).  Plaintiff Daniel T. Laschober, proceeding pro se, claims he has standing because the Secretary's loan-discharge decision will increase the interest expenses on his adjustable-rate mortgage.  Laschober claims that the Secretary's decision (1) is not authorized by the HEROES Act, (2) violates the Appropriations Clause of the Constitution, (3) violates the Borrowing Clause of the Constitution, and (4) is arbitrary and capricious under the Administrative Procedure Act (APA).  The complaint was filed on September 12.  To date, no other action has been taken in the case.

- *Garrison v. U.S. Dep't of Education*, No. 1:22-cv-1895-RLY-TAB (S.D. Ind.).  Plaintiffs Frank Garrison and Noel Johnson are federal student-loan borrowers eligible for loan discharge and resident in Indiana.  They claimed they have standing because the Secretary's loan-discharge decision will, by operation of Indiana law, increase their state tax burdens.  They claimed that the Secretary's decision (1) is not authorized by the HEROES Act and (2) violates the non-delegation doctrine.  The initial complaint and motions for a temporary restraining order and preliminary injunction were filed on September 27.  Following a hearing, the plaintiffs filed an amended complaint and motions for class certification, a temporary restraining order, and a preliminary injunction on October 10.  The district court dismissed the amended complaint for lack of standing on October 21.  The plaintiffs appealed and moved for an injunction pending appeal in the Seventh Circuit.  On October 28, the Seventh Circuit denied that motion, finding that the plaintiffs lack standing.

- *Nebraska v. Biden*, No. 4:22-cv-1040-HEA (E.D. Mo.).  Six states—Nebraska, Missouri, Arkansas, Iowa, Kansas, and South Carolina—claimed they have standing because the Secretary's decision will impair their sovereign and quasi-sovereign interests, and deprive them of certain revenues from servicing student-loan debts, from investments in portfolios that include student-loan debt, and from potentially taxable forms of loan discharge.  They claimed that the Secretary's decision

2

(1) violates the constitutional separation of powers, (2) exceeds the Secretary's authority under the HEROES Act, and (3) is arbitrary and capricious under the APA. The complaint and motions for a temporary restraining order and a preliminary injunction were filed on September 29. The district court dismissed the case for lack of standing on October 20. The plaintiffs appealed and moved for an injunction pending appeal. On October 21, the Eighth Circuit issued an administrative stay, prohibiting discharges of student-loan debts pursuant to the Secretary's decision until a decision is rendered on the plaintiffs' motion for an injunction pending appeal. That motion was fully briefed as of 5:00pm on October 25, and it remains pending.

- <u>Arizona v. Biden</u>, No. 2:22-cv-1661-SPL (D. Ariz.). The State of Arizona claims it has standing because the Secretary's decision will cause it harm by impairing the state government's recruitment of attorneys, reducing state tax revenues, causing inflation, increasing the state's borrowing costs, and requiring an increase in state law enforcement activities. Arizona claims that the Secretary's decision (1) exceeds the Secretary's authority under the HEROES Act, (2) is arbitrary and capricious under the APA, (3) violates the Spending and Appropriations Clauses of the Constitution, and (4) violates the Constitution's separation of powers under the non-delegation doctrine. The complaint was filed on September 30. To date, no other action has been taken in the case.

- <u>Brown County Taxpayers Association v. Biden</u>, No. 1:22-cv-1171-WCG (E.D. Wis.). The Brown County Taxpayers Association claimed it has standing because the Secretary's decision will increase the burden its members must bear as federal taxpayers—a theory precluded under current taxpayer standing doctrine. The Association claimed that the Secretary's decision (1) violates the constitutional separation of powers, (2) violates the Equal Protection Clause, and (3) exceeds the Secretary's authority under the HEROES Act. The complaint was filed on October 4, along with motions for a temporary restraining order and a preliminary injunction. On October 6, the district

3

court dismissed the case for lack of standing, and the Association appealed. The Association moved for an injunction pending appeal, which the Seventh Circuit denied on October 12. The Association then filed an application for injunctive relief with the Supreme Court. That application was denied on October 20. The appeal remains pending in the Seventh Circuit, with the Association's opening brief due on November 21.

- *Brown v. U.S. Dep't of Education*, No. 4:22-cv-00908-P (N.D. Tex.). Myra Brown and Alexander Taylor, two student-loan borrowers, claim they have standing because the Secretary, by acting without providing notice and an opportunity for comment, has deprived them of the opportunity to advocate that they should receive greater amounts of student-loan discharge than they are slated to receive now. They claim that this violates the procedural requirements for rulemaking under the APA. The complaint and a motion for a preliminary injunction were filed on October 10. The motion for a preliminary injunction was fully briefed as of October 20, and a hearing was held on October 25. The motion remains pending.

- *Badeaux v. Biden*, No. 2:22-cv-04247-SM-MBN (E.D. La.). Tommy Badeaux, a student-loan borrower whose income exceeds the income caps that the Secretary has set on loan discharges, claims he has standing because he is harmed by being ineligible for debt relief and by being denied the opportunity to comment on the Secretary's policy for forgiving student-loan debts. Badeaux claims that the Secretary's decision (1) violates the Appropriations Clause of the Constitution, (2) violates the Vesting Clause of the Constitution, and (3) does not satisfy the substantive and procedural requirements of the APA. The complaint was filed on October 27. To date, no other action has been taken in the case.

4

Dated: October 31, 2022

/s/ Markham S. Chenoweth
MARK CHENOWETH (KS Bar No. 20140)
General Counsel
SHENG LI
Litigation Counsel
RUSSELL G. RYAN
Senior Litigation Counsel
Attorneys for Plaintiff Cato Institute
NEW CIVIL LIBERTIES ALLIANCE
1225 19th Street NW, Suite 450
Washington, DC 20036
(202) 869-5210
Sheng.Li@ncla.legal

*Counsel for Plaintiff*

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Cody T. Knapp*
CODY T. KNAPP (NY #5715438)
KATE TALMOR
R. CHARLIE MERRITT
SAMUEL REBO
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Telephone: (202) 532-5663
Facsimile: (202) 616-8470
E-mail: cody.t.knapp@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy to all counsel of record.

*/s/ Cody T. Knapp*
CODY T. KNAPP