IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | |
|---|---|
| CATO INSTITUTE, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, *et al.*, <br><br> Defendants. | Case No. 5:22-cv-4055-TC-RES |

**DEFENDANTS' SUPPLEMENTAL BRIEF**

Earlier this month, two court decisions halted implementation of the student-loan discharge plan that Cato challenges here. In one case, a district court in Texas declared the plan unlawful and vacated it in a final judgment. *See Brown v. U.S. Dep't of Education*, --- F. Supp. 3d ----, 2022 WL 16858525, at *15 (N.D. Tex. Nov. 10, 2022) (amended Nov. 14, 2022). In the other case, the Eighth Circuit enjoined the plan nationwide pending resolution of the plaintiffs' appeal. *See Nebraska v. Biden*, --- F.4th ----, 2022 WL 16912145 (8th Cir. Nov. 14, 2022). Defendants are seeking further review in both cases, but as a result of the decisions, Defendants have stopped accepting applications under the challenged plan, and no loans may be discharged at this time. *See* Federal Student Aid, *One-Time Federal Student Loan Debt Relief*, https://perma.cc/S8QL-7ZNF (last visited Nov. 29, 2022).

Following the decisions in *Brown* and *Nebraska*, this Court postponed a hearing on Cato's motion for a temporary restraining order and preliminary injunction, indicated that it was contemplating a stay, and requested briefing on the implications of *Brown* for this case. *See* Order, ECF No. 36 at 1 ("The parties may submit briefing to address what impact, if any, *Brown* has on Plaintiff's claims, including preclusion, mootness, and related jurisdictional and prudential concerns."); *see also* Order, ECF No. 34 (discussing propriety of a stay). Defendants hereby respond.

**ARGUMENT**

The Court should deny Cato's motion for emergency injunctive relief for all the reasons stated in Defendants' opposition brief. *See* Defs.' Br., ECF No. 30. *Brown* only confirms that result, as the judgment there currently precludes Cato from showing the irreparable harm necessary to obtain preliminary injunctive relief. The Court should also grant Defendants' motion to dismiss or transfer. *See* ECF No. 29. *Brown* does not prevent this Court from doing so, nor does it undermine the bases for that motion. In particular, the *Brown* court did not address venue, and its finding that the plaintiffs there had standing is immaterial to this Court's evaluation of the different, yet similarly meritless, standing argument that Cato asserts here. Were this case already at the merits stage, a stay might be appropriate, as the Fifth Circuit and Supreme Court may soon issue decisions that inform the resolution of some of Cato's claims. But Defendants' motion concerns threshold issues not presented in *Brown* (or *Nebraska*), and granting it would dispose of this matter altogether. Accordingly, Defendants respectfully submit that the Court should deny Cato's motion for a temporary restraining order and preliminary injunction, ECF No. 13, and either grant Defendants' motion to dismiss, or transfer this case to the United States District Court for the District of Columbia.[1]

**I. Cato cannot obtain a preliminary injunction while the *Brown* judgment is in effect.**

In order to obtain a temporary restraining order or preliminary injunction, Cato "must make a clear and unequivocal showing it will likely suffer irreparable harm absent preliminary relief." *Colorado v. EPA*, 989 F.3d 874, 886 (10th Cir. 2021). Cato's claimed injury "must also be of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* at 884 (internal quotation marks omitted). Cato cannot satisfy these standards currently because, even

---

[1] Defendants' arguments herein apply with equal force as to the nationwide injunction entered by the Eighth Circuit in *Nebraska*. But because the Court's orders to date have centered on the *Brown* decision, *see* ECF Nos. 34, 36, Defendants focus on their analysis on that decision.

assuming that the competitive injuries Cato has claimed are cognizable and otherwise irreparable (which they are not), the *Brown* court's judgment (along with the nationwide injunction issued in *Nebraska*) already blocks Defendants from taking the very actions that would allegedly harm Cato.

To be sure, Defendants are actively seeking to stay the *Brown* court's judgment pending appeal, and they expect the judgment to be reversed or vacated, at least in part.[2]  But Defendants' efforts do not change the fact that Cato faces no threat of imminent irreparable injury from a twice-barred plan. At best, the *Brown* decision has rendered Cato's motion for preliminary relief "academic," as any such relief ordered by this Court would be entirely duplicative and have no present or practical effect. *Kentucky v. Biden*, 23 F.4th 585, 611 (6th Cir. 2022).  Issuing an injunction based only on the possibility that Defendants will be permitted to implement the loan-discharge plan at some indeterminate point in the future would be "inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing" of entitlement. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *see also Colorado*, 989 F.3d at 887 (finding a lack of irreparable harm where there was "at most, the mere possibility" of potential injury "at some point in the future"); *cf. Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (finding "the threat of *continued* citation[s]" by state officials absent an injunction could support a showing of irreparable harm (emphasis added)).  And so, for all the reasons stated in Defendants' opposition brief, *see* ECF No. 30, and because Cato cannot make the requisite showing of irreparable harm while the *Brown* judgment remains in effect, Cato's motion for preliminary injunctive relief should be denied.[3]

---

[2] Among other things, the *Brown* court erred by entering its vacatur order based on a claim the plaintiffs did not plead and by granting relief that does nothing to redress the alleged procedural harms found to provide the plaintiffs with standing.  *See generally* Defs.' Brief in Support of Motion to Stay Judgment Pending Appeal, *Brown v. U.S. Dep't of Education*, No. 22-cv-908 (N.D. Tex.), ECF No. 41.

[3] Short of denying Cato's motion, and in the event the Court does not grant Defendants' motion to dismiss (which would moot any motion for preliminary relief), the Court may wish to postpone consideration of Cato's motion until such time as Defendants are again able to implement

## II. The Court should rule on Defendants' motion to dismiss or transfer notwithstanding the decision in *Brown*.

The Court has expressed concern that the decision in *Brown* poses an obstacle to further proceedings in this case. *See, e.g.*, Order, ECF No. 34 ("A stay of this litigation . . . seems prudent because the *Brown* decision may be entitled [to] preclusive effect on the legal question presented by Plaintiff's complaint."); Order, ECF No. 36 (noting that *Brown* "vacated the very executive action that Plaintiff here relies on for its claim," and requesting briefing on preclusion, mootness, and prudential considerations). But the *Brown* court's decision to enter final judgment on the merits does not preclude further litigation here. Indeed, the Court does not need to reach the merits issues decided in *Brown* to rule on the threshold questions of competitive standing and venue raised in Defendants' motion to dismiss or transfer. And neither *Brown* nor *Nebraska* will have any impact on Defendants' motion because the plaintiffs in those cases asserted standing on different grounds than Cato does here. Accordingly, the Court should not stay this matter without resolving Defendants' pending motion to dismiss or transfer.

**Preclusion**. The *Brown* decision does not have "preclusive effect on the legal question presented by Plaintiff's complaint." Order, ECF No. 34. In general, a final judgment precludes re-litigation of a legal question in subsequent actions "between the same persons who were parties to the prior action." Restatement (Second) of Judgments § 27 cmt. A (Am. L. Inst. 1982). Issue preclusion may also extend to subsequent actions involving only one of the original parties if "circumstances [do not] justify affording [that party] an opportunity to re-litigate the issue." *Id.* § 29; *see also Gouskos v. Griffith*, 122 F. App'x 965, 973 (10th Cir. 2005). Because Cato was not a party to *Brown*, the only form of issue preclusion relevant here is the latter one, sometimes referred to as

---

the loan-discharge plan. *Cf. Washington v. Trump*, No. 17-cv-141, 2017 WL 4857088, at *6 (W.D. Wash. Oct. 27, 2017) (where another district court had "already provide[d] Plaintiff States with virtually all the relief they seek," the plaintiffs would not incur "any significant harm" from the court's staying consideration of a TRO motion).

"nonmutual offensive collateral estoppel." *Seneca-Cayuga Tribe of Okla. v. Nat'l Indian Gaming Comm'n*, 327 F.3d 1019, 1030 (10th Cir. 2003). But that form of preclusion also has no application here.

"[T]he doctrine of nonmutual collateral estoppel is generally unavailable in litigation against the United States." *United States v. Alaska*, 521 U.S. 1, 13 (1997). That is so, as the Supreme Court has "long recognized," *United States v. Mendoza*, 464 U.S. 154, 159 (1984), because the "interests underlying a broad application of collateral estoppel are outweighed by the constraints which peculiarly affect the government," *id.* at 163. Among the circumstances that counsel against nonmutual offensive collateral estoppel in litigation against the federal government are "the geographic breadth of government litigation," *id.* at 159, "the nature of the issues the government litigates," *id.*, and the need to "allow thorough development of legal doctrine [through] litigation in multiple forums," *id.* at 163. All are present in this case, which involves a government policy of national importance that is the subject of litigation in numerous jurisdictions. *See* Notice, ECF No. 24. Moreover, as the Supreme Court has observed, "allowing only one final adjudication" would undermine the benefits that accrue from the percolation of such cases in the lower courts. *Mendoza*, 464 U.S. at 160. Thus, there is no basis to give the *Brown* decision preclusive effect here.

In any event, a final judgment precludes further litigation only of "the particular issue" that was necessarily and finally resolved in the original case. Restatement (Second) of Judgments § 27 cmt. A; *see also Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). And as already discussed, the *Brown* court did not address or resolve issues of competitive standing or venue, much less consider those issues in light of the specific and distinct facts and circumstances alleged by Cato.[4] So even if the *Brown* judgment could preclude certain merits issues from being re-litigated here—and there is no authority suggesting that it could—that decision would still have no bearing on Defendants' motion to dismiss

---

[4] The *Brown* court also passed no judgment on the merits of the constitutional and arbitrary-and-capricious claims that Cato advances here.

5

or transfer.  *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 157 (2015) (finding that "issue preclusion would not apply" where significant legal and factual differences between cases mean that the first adjudicator "has not decided the same issue").

**Mootness**.  Nor does the *Brown* court's judgment moot this case.  The doctrine of mootness is, at bottom, "standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 879 (10th Cir. 2019) (cleaned up).  "Generally, a claim for prospective injunction becomes moot once the event to be enjoined has come and gone." *Citizen Ctr. v. Gessler*, 770 F.3d 900, 907 (10th Cir. 2014).  But a claim does not become moot when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."  *N.M. Health Connections v. HHS*, 946 F.3d 1138, 1159 (10th Cir. 2019) (cleaned up).

As discussed above and at length in Defendant's motion to dismiss, Cato did not have standing at the time it initiated this case, and so the Court may dismiss this action without reaching the issue of mootness.  But even assuming that Cato had standing to file its complaint in the first place, the intervening judgment in *Brown* does not moot this case.  That is, in part, because Defendants have indicated that they will promptly resume implementation of the loan-discharge plan whenever they are permitted to do so.  *See* U.S. Dep't of Education, *Statement from Secretary of Education Miguel Cardona on District Court Ruling on the Biden-Harris Administration Student Debt Relief Program* (Nov. 11, 2022), https://perma.cc/ULF7-JPUP (stating that "16 million applications have been approved and sent to loan servicers to be discharged when allowed by the courts").  Indeed, Defendants are presently seeking to stay, limit, or undo all orders preventing them from doing so.  *See, e.g.*, *Nebraska v. Biden*, No. 22A444 (U.S. Nov. 18, 2022) (Defendants applying for stay of injunction pending appeal); *Brown v. U.S. Dep't of Education*, No. 22-11115 (5th Cir. Nov. 17, 2022) (Defendants moving to stay district

court judgment pending appeal). And given the *Brown* court's grievous errors, there is at minimum a "reasonable expectation," *N.M. Health Connections*, 946 F.3d at 1159, that its decision will be reversed on appeal, that Defendants will again be able to implement the loan-discharge plan, and that the parties will then face the same questions as now regarding Cato's claims against the loan-discharge plan, *see FCC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 464 (2007). Thus, as courts have recognized in similar circumstances, the *Brown* court's order does not, absent more, deprive this Court of jurisdiction. *Cf. Florida v. HHS*, 19 F.4th 1271, 1279–1286 (11th Cir. 2021) (explaining why court retained jurisdiction notwithstanding intervening decision of another court to grant a nationwide injunction); *Kentucky*, 23 F.4th at 611 (noting that the existence of an intervening nationwide injunction "does not affect the reviewability" of a narrower injunction entered against the same policy).

**Prudential Considerations**. Prudential considerations weigh in favor of resolving Defendants' pending motion to dismiss or transfer prior to any stay of proceedings. First, resolving Defendants' motion will promote efficiency by potentially disposing of this case altogether. By contrast, entering a stay without deciding Defendants' motion would only delay the Court's consideration of the threshold competitive standing and venue issues raised by that motion, as those issues are not present in (and so are unlikely to be informed by) any further decisions on appeal in *Brown*. Second, resolving Defendants' motion prior to any stay would provide the parties, who have expended significant resources to date, the certainty of a ruling on the threshold issues in this case, no matter the ultimate outcome of proceedings in *Brown*. In these circumstances, any economy interests that might otherwise favor an outright stay are outweighed by the interests in resolving questions ripe for the Court's consideration. *Cf. Brnovich v. Biden*, 562 F. Supp. 3d 123, 137 (D. Ariz. 2022) (declining to stay following nationwide injunction in part due to the relatively advanced stage of proceedings).

## CONCLUSION

For all the reasons above, and for those explained in Defendants' earlier brief, the Court should deny Cato's motion for preliminary injunctive relief and grant Defendants' motion to dismiss. Alternatively, the Court should transfer this case to the United States District Court for the District of Columbia.

Dated: November 29, 2022            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Cody T. Knapp*
CODY T. KNAPP (NY #5715438)
KATE TALMOR
R. CHARLIE MERRITT
SAMUEL REBO
Trial Attorneys
U.S. Department of Justice
Civil Division
Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
Telephone: (202) 532-5663
Facsimile: (202) 616-8470
E-mail: cody.t.knapp@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy to all counsel of record.

*/s/ Cody T. Knapp*
CODY T. KNAPP